**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kevin K. Williams, | ) | |
| | ) | |
| | ) | Case No.   2019 C 00992 |
| Plaintiff, | ) | |
| | ) | Judge:   Andrea Wood |
| v. | ) | |
| | ) | |
| Chicago Police Officers, City of Chicago, | ) | |
| The known and unknown Chicago Police | ) | |
| Officers Tyler Barecz #14844, | ) | |
| John Nemec #19704, Terrence Huels #6623, | ) | |
| N. Cortesi #1146, Robert Cummings #17841 | ) | |
| P. Boline #13368, and Stateville | ) | |
| NRC Illinois Department of | ) | |
| Corrections, Saint Bernard Hospital and | ) | |
| Medical staff | ) | |
| | ) | |
| Defendant(s) | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants City of Chicago and Officers Tyler Barecz, John Nemec, Terrence Huels, Nicholas Cortesi, Robert Cummings, and Patrick Boline ("Defendants"), through one of their attorneys, Dortricia Penn, Assistant Corporation Counsel, for their answer to Plaintiff's complaint, affirmative defenses, and jury demand, state as follows:

## CLAIM I
## ASSAULT & EXCESSIVE FORCE
## BY MEMBERS OF THE CHICAGO POLICE DEPARTMENT

1.     On the above date of September 8, 2017, while sitting inside the passenger seat of a female friend of mine's parked car at the location of 5611 S. Bishop on the southside of Chicago Englewood area, I was forcefully removed from the car by multiple members of the Chicago Police Department, by using excessive force.  Specifically, by beating me, dropping their knees onto my back, sides and neck.  All because I wouldn't get out of the car.

**ANSWER**: **Defendants admit that Plaintiff was sitting in the passenger seat of a vehicle located at or about 5611 S. Bishop and that Plaintiff had to be forcefully removed from said vehicle. Defendants deny the remaining allegations contained in this paragraph.**

2.      They knew or should have known that the type of force they were using was putting the plaintiff at a serious risk of injury. No one tried to stop it, they just watched the other officers do this to the plaintiff. While at the Chicago Police Station, the "(plaintiff) was taken in an unmonitored room where the same officers that stopped and arrested the plaintiff, proceeded to beat the him again after getting back to the Police Station."

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

3.      On September 9, 2017, the plaintiff was due to be transported to the Cook County jail for bond court due to the excessive force used during the arrest & the excessive beating by the members of the Chicago Police Department at the Police Station. The plaintiff wasn't able to attend bond court due to the extreme body pain and requested to go to the hospital. The plaintiff was then transported to Saint Bernard Hospital.

**ANSWER**: **Defendants admit, upon information and belief, that Plaintiff was to be transported to the Cook County Jail on September 9, 2017, for the purpose of attending bond court. Defendants lack knowledge as to whether Plaintiff was able to attend bond court, whether Plaintiff requested to go to the hospital, or whether he was transported to Saint Bernard Hospital. Defendants deny the remaining allegations contained in this paragraph. Answering further, Defendants deny any wrongdoing.**

<u>**CLAIM II**</u>
**MEDICAL MAL-PRACTICE & NEGLECT OF**
**ST. BERNARD HOSPITAL & STAFF**

1.      On the above date of September 9, 2017 the plaintiff was transported to Saint Bernard Hospital while in sole care & custody of the Chicago Police Department. Due to the extreme body pain caused by members of the Chicago Police beating him.

**ANSWER**: **Defendants do not provide an answer to this count as it is not directed towards them. To the extent an answer is required, Defendants deny engaging in the wrongdoing alleged in this paragraph.**

2.      While at Saint Bernard Hospital the plaintiff complained to medical staff what his reason for being there was. Seeing that the plaintiff was barely able to move & talk without being in pain. The plaintiff had explained to the doctor already where the pain was but the doctor refused to do any X-Rays on him. Seeing the lump on the plaintiff's left rib cage as well as all the swelling and bruising, the doctor took it upon himself to deny & neglect the plaintiff's medical needs. This goes against all laws & policies as well as medical practices. To say that there isn't anything wrong with the plaintiff without even giving the plaintiff any X-Rays is a deliberate neglect by the doctor at the hospital of his patient's needs thus causing the plaintiff further and continuing extreme suffering and pain.

**ANSWER**: **Defendants do not provide an answer to this count as it is not directed towards them. To the extent an answer is required, Defendants generally deny engaging in the wrongdoing alleged herein.**

<u>**CLAIM III**</u>
**ON I.D.O.C. STATEVILLE "N.R.C."**
**MEDICAL STAFF AND DOCTOR FOR "MEDICAL MALPATRICE & NEGLECT**

1.      On the above date of September 12, 2017 the plaintiff was transferred to Stateville "N.R.C." due to the plaintiff being on parole and just caught this present case involved in this action. While the plaintiff was housed at the Stateville "N.R.C." L-Wing, the plaintiff constantly put in for sick-call because of the incident with Chicago Police during his arrest. He was still suffering from extreme pain because of the incedent with Chicago Police and because of this he couldn't get any sleep. So on October 7, 2017, the plaintiff was called into medical and after being examined by the sick-call nurse was reported to having "abnormal swelling in the plaintiff's left ribcage". The nurse then ordered X-Rays to be taken.

**ANSWER**: **Defendants do not provide an answer to this count as it is not directed towards them. To the extent an answer is required, Defendants generally deny engaging in the wrongdoing alleged herein.**

2.      On October 10, 2017, the plaintiff was called back to medical and was given one chest X-Ray after which the plaintiff informed the nurse taking the X-Ray that his left ribcage was the one that needed to be X-Ray'd. On October 19, 2017, after the plaintiff constantly complained about not getting the results back, the plaintiff was called back to medical where the doctor deliberately hand wrote the X-Ray results and stated there was nothing wrong with you but prescribed an anti-inflamatory medicine known to be given to patients with broken ribs (namely, Naproxen(500mg)). If there was nothing wrong with the plaintiff then why prescribe 500mg of naproxen, a medication commonly used for broken ribs. Due to this neglect the plaintiff had to get a court order to leave Stateville "N.R.C." in order to obtain better medical care. On November 21, 2017 the plaintiff was transfered to Pinckneyville Correctional Center located at 5835 State Route 154, Pinckneyville IL 62274. At which the plaintiff reached out to I.D.O.C, medical staff seeking help. Due to the plaintiff being steadily driven back and forth to court it wasn't until January 17, 2018 that (12) X-Ray's were taken. On January 25, 2018 the plaintiff finally found out the results. X-Ray's indicated that his ribs were fractured (see X-Rays).

**ANSWER**: **Defendants do not provide an answer to this count as it is not directed towards them. To the extent an answer is required, Defendants generally deny engaging in the wrongdoing alleged herein.**

3.      The plaintiff did go through the chain of grievance procedures with appeals to try and seek help. Due to the F.B.I. picking up the plaintiff's case, he was seperated from all his legal work needed to prove his case. It is asked by the plaintiff to order I.D.O.C. & St. Bernard Hospital to turn over all required medical records of the plaintiff from around the date of September 9, 2017 and for I.D.C.C. to turn over all additional grievance records which went all the way through to Springfield, IL.

**ANSWER**: **Defendants do not provide an answer to this count as it is not directed towards them. To the extent an answer is required, Defendants generally deny engaging in the wrongdoing alleged herein.**

## RELIEF

Plaintiff seeks $400,000.00 against each Chicago Police Officer in their official capacity, independent capacity.  Also, $3.5 million dollars against St. Bernard hospital and doctor whom saw Plaintiff in their official capacity and independent capacity as well as $3.5 million dollars against Illinois Department of Corrections and medical staff and all the court finds just and proper.

## AFFIRMATIVE DEFENSES

1.   Defendant City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City of Chicago cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

2.   The Defendant Officers are governmental officials, namely a police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonably competent officer objectively viewing the facts and circumstances then confronting the Defendant Officers could have believed his actions regarding the encounter with Plaintiff to be lawful in light of clearly established law and the information possessed by the Defendant Officers. The Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

3.   The Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4.   To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

5.   To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

6.   Defendant City of Chicago is not liable to Plaintiff for any state or federal claims for which the Defendant Officers are not liable to Plaintiff. Illinois Local Governmental and Governmental

Employees Tort Immunity Act, 745 ILCS 10/2-109; *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

7.    A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202 (Local Governmental and Governmental Employees Tort Immunity Act).  The Defendant Officers were employees of the City of Chicago, a local public entity, and were executing and enforcing the law at all relevant times. Therefore, the Defendant Officers are immune from liability, and Plaintiff's causes of action against the Defendant Officers must fail.

8.    Under the Illinois Tort Immunity Act, The Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

9.    Under the Illinois Tort Immunity Act, The Defendant Officers are not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the Defendant City of Chicago and its employees are immune from liability.  745 ILCS 10/2-201.

10.  Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

11.  A municipal government can be held liable under 42 U.S.C. § 1983 only if a plaintiff can demonstrate that a deprivation of a federal right occurred as a result of a "policy" of the local government's legislative body or of those local officials whose acts may fairly be said to be those of the municipality. Municipalities cannot be held liable under 42 U.S.C. § 1983 for constitutional torts on a theory of *respondeat superior*. Therefore, as to all of Plaintiff's federal claims, the City of Chicago cannot be held liable as Plaintiff has not alleged a "policy" claim. *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978).

## JURY DEMAND

Defendants Bareecz, Nemec, Huels, Cortesi, Cummings, and Boline hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

By:     /s/ *Dortricia Penn*
        Dortricia Penn
        Assistant Corporation Counsel III

Mark Haines, Assistant Corporation Counsel III

Evan Scott, Assistant Corporation Counsel III
Scott Cohen, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle St., Suite 900
Chicago, IL 60602
Atty. No.: 6275679

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Kevin K. Williams, | ) | |
| | ) | |
| | ) | Case No.   2019 C 00992 |
| Plaintiff, | ) | |
| | ) | Judge:   Andrea Wood |
| v. | ) | |
| | ) | |
| Chicago Police Officers, City of Chicago, | ) | |
| The known and unknown Chicago Police | ) | |
| Officers Tyler Barecz #14844, | ) | |
| John Nemec #19704, Terrence Huels #6623, | ) | |
| N. Cortesi #1146, Robert Cummings #17841 | ) | |
| P. Boline #13368, and Stateville | ) | |
| NRC Illinois Department of | ) | |
| Corrections, Saint Bernard Hospital and | ) | |
| Medical staff | ) | |
| | ) | |
| Defendant(s) | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Shawn M. Staples
Much Shelist Denenberg Ament & Rubenstein, PC
191 N. Wacker Drive, Ste. 1800
Chicago, IL 60606

**PLEASE TAKE NOTICE** that on this 28th  day of  April 2020,  I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 28th day of April 2020.

/s/ *Dortricia Penn*
Dortricia Penn